UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                              Case No. 15-16783-AJC
    LUIS G. SOSA                                                      Chapter 13

    Debtor.
_____/

**MOTION FOR RELIEF FROM STAY AND CO-DEBTOR
TO ENFORCE FINAL JUDGMENT OF FORECLOSURE**

Secured Creditor, SPACE COAST CREDIT UNION ("Space Coast"), as successor in interest by merger to Eastern Financial Florida Credit Union and servicer to Federal Home Loan Bank of Atlanta, by and through undersigned counsel, pursuant to 11 U.S.C. §§ 362(d) and 1302(c) and S.D. Fla. L.R. 4001-1, hereby files its Motion for Relief from Stay to Enforce Final Judgment of Foreclosure (the "Motion"), and in support thereof states:

1. On April 15, 2015 ("Petition Date"), the Debtor, LUIS G. SOSA ("Debtor"), filed a voluntary petition for relief under Chapter 13, Title 11 of the United States Bankruptcy Code.

2. Space Coast is the holder of a promissory note ("Note") and first mortgage ("Mortgage") in real property located at 9122 NW 113 Street, Hialeah Gardens, FL 33018 (the "Property"), more particularly described as follows:

> LOT 2, BLOCK 4, OF MARIA TERESA SUBDIVISION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 139, PAGE 92-1 THROUGH 92-2, OF THE PUBLIC RECORDS OF MIAMI-DADE-COUNTY, FLORIDA.

3. Non-Filing party, MARIELA SOSA ("Co-Debtor"), is a co-signor on the Note and Mortgage. The Note and Mortgage are dated December 5, 2006. The Mortgage is duly recorded in the Public Records of Miami-Dade County, Florida at Official Record Book 25181, at Page 3442. A review of the public records demonstrates that the Property does not secure any

other debts superior to Space Coast's lien. True copies of the Note, Mortgage, Assignment of Mortgage and Certificate of Merger (collectively, the "Loan Documents") are attached hereto as composite **Exhibit "A."**

4. Eastern Financial Florida Credit Union ("Eastern") originated the subject loan and received the Note and Mortgage. Eastern, as an approved seller of mortgages to the Federal Home Loan Bank of Atlanta ("FHLB") and pursuant to a Mortgage Partnership Finance Program ("MPF"), sold the Loan Documents to FHLB. Eastern, as an approved servicer of the mortgages held by FHLB, was the originator of the loan and then the servicer. On June 30, 2009, Eastern merged with Space Coast. FHLB is the owner of the Loan Documents and Space Coast, as servicer for FHLB, is the holder of the Loan Documents indorsed in blank. *See* Fla. Stat. § 671.201(5) and (21).

5. According to Space Coast's books and records, the Debtor and Co-Debtor defaulted under the Loan Documents by failing to make the November 1, 2013 payment and all scheduled payments thereafter.

6. On December 16, 2014, as a result of the Debtor and Co-Debtor's default under the Loan Documents, Space Coast obtained a Final Judgment of Foreclosure (the "Final Judgment") against the Debtor and Co-Debtor in a state court foreclosure proceeding (Case No. 2014-18664-CA-22). Pursuant to the Final Judgment, Space Coast recovered the sum of $196,979.68, which accrues interest at the prevailing legal rate under Florida law. A true copy of the Final Judgment is attached hereto as **Exhibit "B."**

7. The market value of the Property has been appraised at $245,000.00 as of March 14, 2015 and $230,932.00 as of September 2015. Based on the valuations obtained from Space Coast, the Debtor and Co-Debtor likely have some equity in the Property encumbered by Space

Coast's Mortgage. The valuations were determined by Broker Price Opinion 4 and Miami-Dade County Property Appraiser, respectively. Copies of the valuation reports are attached hereto as composite **Exhibit "C."**

8. The Property has been claimed as homestead exempt, and according to the Debtor's Chapter 13 Plan (the "Plan") [D.E. 14], the Debtor intends to modify the Mortgage through the Court's Mortgage Modification Mediation Program (the "MMM Program"); however, as of the date of this Motion, no order on the Debtor's MMM Motion [D.E. 34] has been entered.

9. Space Coast moves for relief from stay under 11 U.S.C. § 362(d) to enforce its *in rem* rights against its collateral. Section 362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). A debtor's failure to make regular payments as they become due constitutes sufficient "cause" to lift the automatic stay. *See In re Heath,* 79 B.R. 616, 617 (Bankr.E.D.Pa.1987); s*ee also In re Taylor,* 151 B.R. 646, 648 (E.D.N.Y.1993) ("debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay"). "This is particularly true where a debtor lacks the willingness; the current means; or a realistic, near-present ability to make contractual payments to the secured creditor." *In re Schuessler*, 386 B.R. 458, 481 (Bankr.S.D.N.Y.2008).

10. Further, it is undisputed that the "concept of adequate protection is intended to protect a creditor's interest in collateral." *In re Dunes Casino Hotel*, 69 B.R. 784, 793 (Bankr.D.N.J.1986); *see also In re Gallegos Research Group*, 193 B.R. 577, 584 (Bankr.D.Colo.1995) (holding that adequate protection means that "the value of [a] creditor's

3

interest in the collateral must be protected from diminution while the property is being used or retained in the bankruptcy case").

11. As of the date of this Motion, Space Coast has advanced approximately **$8,603.60** in escrows for real property taxes and insurance and is still force-placing insurance on the Property to Space Coast's detriment. It is well established that "adequate insurance is an element of adequate protection, the absence of which constitutes grounds from automatic stay." *Suggs v. Regency Fin. Corp. (In re Suggs)*, 354 B.R. 903, 912 (Bankr.W.D.Mo.2006); *see also In re Planned Systems, Inc.*, 78 B.R. 852, 863 (Bankr.S.D.Ohio 1987) (evidence that collateral, with a few exceptions, is completely uninsured compels conclusion that the debtor has failed to adequately protect the secured creditor's interest in the collateral); *In re Heinzeroth*, 40 B.R. 518, 520 (Bankr.E.D.Pa.1984) ("[a] debtor who fails to provide insurance coverage is not entitled to the protection of the automatic stay under § 362(d)(1)"); *In re Ausherman*, 34 B.R. 393, 394-95 (Bankr.N.D.Ill.1983) (holding that a failure to keep the mortgaged premises insured is cause of lifting the stay for lack of adequate protection).

12. Continuation of the automatic stay will necessarily cause further harm to Space Coast's interests and unreasonable delay to enforce its *in rem* rights concerning the Property. Accordingly, Space Coast is entitled to prompt relief from stay to resume the state court foreclosure proceedings and recover the amounts set forth in the Final Judgment.

13. Space Coast Credit Union's post-petition payment address is: 8045 N. Wickham Road, Melbourne, Florida 32941-9001.

14. Space Coast has retained the legal services of Blaxberg, Grayson & Kukoff, P.A., and is indebted to said attorneys to pay them a reasonable attorneys' fee. Space Coast prays that this Court award it reasonable attorneys' fees incurred in its collections efforts in Bankruptcy

Court, with the amount to be determined by the state court during the pending foreclosure proceedings.

**WHEREFORE**, for the reasons more particularly set forth herein, Space Coast Credit Union respectfully requests the Court enter an Order granting Space Coast relief from the automatic stay pursuant to 11 U.S.C. §§ 362(a) and 1301(c) so it may pursue its *in rem* rights against the Property, and for such other and further relief as is just and proper.

Dated:  September 9, 2015

**BLAXBERG, GRAYSON & KUKOFF, P.A.**
*Attorneys for Space Coast Credit Union*
25 SE Second Avenue, Suite 730
Miami, Florida  33131
Phone: (305) 381-7979 x 317
Fax:    (305) 371-6816
alexis.read@blaxgray.com

By:   /s/ *Alexis S. Read*
         Alexis S. Read, Esq.
         Fla. Bar No. 98084

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2015, a true and correct copy of the foregoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case, and by regular U.S. Mail to the following:

| | |
|---|---|
| Luis G. Sosa<br>*Debtor*<br>9122 N.W. 113th Street<br>Hialeah Gardens, FL 33018 | Mariela Sosa<br>*Co-Debtor*<br>9122 N.W. 113th Street<br>Hialeah Gardens, FL 33018 |
| Annie Hernandez, Esq.<br>Jacqueline C. Ledon, Esq.<br>*Counsel for Debtor*<br>3000 Biscayne Blvd # 500<br>Miami, FL 33137<br>ahernandez@lsgmi.org<br>jledon@lsgmi.org | Nancy K. Neidich<br>*Chapter 13 Trustee*<br>POB 279806<br>Miramar, FL 33027<br>e2c8f01@ch13herkert.com |
| U.S. Trustee - Office of the US Trustee<br>51 S.W. 1st Ave, Suite 1204<br>Miami, FL 33130<br>USTPRegion21.MM.ECF@usdoj.gov | |

By:    /s/ Alexis S. Read
       Alexis S. Read, Esq.
       Fla. Bar No. 98084