**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:   Luis G. Sosa                                              Case No.15-16783-AJC
                                                                   Chapter 13

_____Debtor (s)_____/

## Response in Opposition to Creditor's Motion for Relief from Stay and to Enforce Final Judgment of Foreclosure

Debtor, Luis G. Sosa, pursuant to Local Rule 4001-1(D), files his Response in Opposition to Space Coast Credit Union's (the "Creditor's"), Motion for Relief from Stay and Co-Debtor (sic) to Enforce Final Judgment of Foreclosure [ECF #40] filed by Alexis S.Reed, Esquire and served on or about September 9, 2015, and states:

### Introduction

The Creditor requests stay relief for two reasons: 1) for cause based on an alleged lack of monthly mortgage payments, and 2) due to an alleged lack of adequate protection regarding property insurance. No cause exists to lift the stay, however, because the Debtor is making monthly mortgage plan payments to the Creditor. The Creditor has forced-placed insurance to adequately protect its interest in the property for which it is charging the Debtor. The Debtor's plan payment accounts for this by including an estimate for both taxes and insurance. The Creditor is otherwise adequately protected due to an equity cushion. Finally, the property is necessary to an effective reorganization. Accordingly, the Court should summarily deny stay relief.

### Legal Standard on Motion for Stay Relief

§362(d) authorizes the Court to lift the automatic stay "(1) for cause, including the lack of adequate protection, or (2) with respect to a stay of *an act against*

property, if the debtor does not have equity in the property and the property is not necessary to an effective reorganization." The Court looks to the totality of the circumstances and makes a case-by-case determination of whether cause exists to lift the automatic stay. *In re Lamelas*, 2013 WL 324028, No. 12-26067-AJC, at *2 (Bankr. S.D. Fla. Jan. 28, 2013).

### *No Cause Exists to Lift the Automatic Stay*

Turning to the first prong, the Creditor cites to case law for the basic proposition that a debtor's failure to make regular payments constitutes cause to lift the stay. In the present case, however, the Debtor is making regular monthly mortgage payments to the Creditor through the plan. *See* ECF #45 (First Amended Chapter 13 Plan). The $1,016.52 monthly payment to the Creditor represents an estimated HAMP payment which includes an escrow for property taxes and homeowners insurance. *Id.* Moreover, the parties are currently engaged in the Mortgage Modification Mediation Program which, if successful, will bring the Debtor current on his mortgage and establish mutually agreeable monthly mortgage payments. *See* ECF #52 (Order Referring the Parties to MMM).

### *The Creditor is Adequately Protected By, Inter Alia, an Equity Cushion*

Lack of adequate protection and/or equity in the property constitutes another basis under which a creditor may seek stay relief. *See* §362(d)(1)-(2). There is no dispute that there is at least $35,000 in equity in the property. The state foreclosure final judgment is for $196,979.68. Tthe value of the property, by the Creditor's own broker price opinion, is $245,000. *See* ECF #40 at paragraph 6. The Miami-Dade Property Appraiser, which applies several discounts not normally included in a market analysis, values the property at $230,932. The most conservative valuation shows equity of nearly

$35,000 which is certainly sufficient to adequately protect the Creditor's interest during the pendency of these proceedings. See generally In re Jenkins, 36 B.R. 788, 789 (S.D. Fla. 1984) (denying stay relief and finding that a $17,000 equity cushion between the final judgment and property value constituted sufficient adequate protection)[1].

The Creditor appears to argue that it is not adequately protected because the Debtor has not *personally* insured the property, see ECF #40 at paragraph 11. This argument, however, ignores the fact that the Creditor has exercised its right to select its own insurer to force-place insurance on the property, *id.*, for which it is charging the Debtor a cost significantly higher than had the Debtor selected its own insurer. As such, the property is insured and the Creditor's interest, thus, adequately protected. As previously noted, the Debtor's monthly mortgage plan payment accounts for this expense by including an escrow for both taxes and insurance.

### The Debtor's Home is Necessary for an Effective Reorganization.

Because the parties do not dispute that there is equity in the property, there is no need to reach the third prong regarding whether the home is necessary for an Debtor's effective reorganization under §362(d)(2). Nonetheless, "most courts have held that in a Chapter 13 case, a debtor's home is necessary for an effective reorganization." *In re Ramos*, 357 B.R. 669, 672 (Bankr. S.D. Fla. 2006) (internal citations omitted). In fact, saving the home was the Debtor's sole purpose in filing this bankruptcy. *Grundy Nat'l Bank v. Stiltner*, 58 B.R. 593, 596 n.1 (W.D. Va. 1986) (noting that, "[i]n effect, an irrebuttable presumption is created in a Chapter 13 case as to the debtor's home as necessary to effective reorganization where the debtor's primary purpose in filing the

---

[1] The *Jenkins* Court also ordered the debtor to pay taxes and to commence monthly mortgage payments to the creditor. 36 B.R. at 789. In the instant case, however, the Debtor is already make monthly mortgage payments to the Creditor which include an escrow for taxes and insurance.

Chapter 13 petition is to save his home"). As the debtor's home is the primary asset sought to be saved, "[i]t is undoubtedly 'necessary to an effective reorganization' to maintain the stay." Id. at 595.

## Conclusion

Because no cause exists to lift the automatic stay, the Creditor is adequately protected by the Debtor's monthly mortgage plan payments and an equity cushion, and the home is necessary to the Debtor's effective reorganization, the Court should deny the Creditors Motion for Relief from Stay.

Respectfully submitted,

/s/ Jacqueline C. Ledón
Attorney for Debtor(s)
Address: Legal Services of Greater Miami, Inc.
         3000 Biscayne Blvd., Suite 500
         Miami, FL 33137
Telephone: 305-438-2401
Fax:       305-573-5800
Florida Bar No 0022719
Email    jledon@legalservicesmiami.org